# St. Bartholomew's Protestant Episcopal Church Charter.

*Corporations—Churches—Application for charter—Provisions of charter—Sufficiency— Doctrine — Church government — Constitutional law—Right to raise question—Acts of May 5, 1911, P. L. 172, Sec. 1; May 20, 1913, P. L. 242, and May 1, 1907, P. L. 132.*

1. Constitutional questions can be raised only by one materially prejudiced, in person, property or estate, through preliminary steps taken to put into effect the act assailed, or by one subject to immediate burdensome penalties for nonobservance of the act, if it should be permitted to go into effect, or by one affected through actual operation of the act.

2. The Act of May 5, 1911, P. L. 172, providing that when a religious congregation is desirous of becoming incorporated, "it shall be lawful" for the charter thereof to contain a clause as to the church's ecclesiastical connection, "provided, however, the said constitution, canons, or ecclesiastical laws, doctrines, discipline and worship, be not inconsistent with the Constitution or laws of the United States or......of the Commonwealth of Pennsylvania, and that they do not conflict with the control of the property of said corporation by the lay members of said corporation," does not require that the terms of the proviso of the act appear in the certificate of incorporation, but merely that before a charter is granted containing a clause adhering to designated ecclesiastical laws, the tribunal passing upon the application must determine that these laws are not inconsistent with the requirements of the proviso of the act.

3. Neither the provisions of the Act of May 20, 1913, P. L. 242, that the control of church property by the lay members "shall be exercised in accordance with and subject to the rules and regulations, usages, canons, discipline and requirements of the religious body or organization to which such......congregation......shall belong," nor the provisions of the Act of May 1, 1907, P. L. 132,

amending prior acts, require that such statutory provisions be inserted in the certificate of incorporation.

4. Where the application for the incorporation of a church congregation was referred to a master, the question whether the Act of May 20, 1913, P. L. 242, is constitutional, was not before him, and where the restrictive provisions of that act did not appear in the certificate of incorporation, all that the master and the lower court had to decide was that the latter document was in due form for approval as a charter.

Argued Jan. 22, 1918. Appeal, No. 333, Jan. T., 1917, by William Drayton, Harold Goodwin, William Rudolph Smith and George W. Pepper, a Committee Appointed by the Convention of the Protestant Episcopal Church for the Diocese of Pennsylvania, from decree of C. P. No. 3, Philadelphia Co., March T., 1914, No. 2642, from decree of incorporation In re Application for Charter of St. Bartholomew's Protestant Episcopal Church. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Application for church charter. Before FERGUSON, J.

Exceptions to report of Carrol R. Williams, Esq., master, recommending the granting of the charter.

The opinion of the Supreme Court states the facts.

The lower court dismissed the exceptions to the report of the master and entered the decree of incorporation. William Drayton, Harold Goodwin, William Rudolph Smith and George W. Pepper, a committee appointed by the Convention of the Protestant Episcopal Church for the Diocese of Pennsylvania, appealed.

*Error assigned*, among others, was the decree of the court.

*William Drayton*, for appellants.—The provisos contained in the Act of May 5, 1911, P. L. 172, and the Act of May 20, 1913, P. L. 242, should have been inserted in the charter.

While all charters are subject to the acts of assembly regulating their power, nevertheless, in the interest of clearness these powers should be inserted in the charter itself: Commonwealth v. Woelpper, 3 S. & R. 29.

The charter must contain a provision that no by-laws shall be passed that are repugnant to the Constitution and laws of the United States, this State or to the charter: Butchers' Beneficial Association, 35 Pa. 151; Bank of Pennsylvania v. Commonwealth, 19 Pa. 144; Re Matki Boskie Bolesne Polish National Catholic Church, 26 District Reports 147; Roofing & Sheet Metal Contractors' Association, 200 Pa. 111; In re Garret-Williamson Lodge, 239 Pa. 474.

*George B. Hawkes*, with him *James Wilson Bayard*, for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, February 18, 1918:

This case involves the approval of a charter for a religious congregation affiliated with the Protestant Episcopal Church. The application for incorporation was duly referred to a master. The appellants, members of a committee appointed by the Convention of the Protestant Episcopal Church in the Diocese of Pennsylvania, filed certain exceptions to the master's report, which were dismissed by the court below; hence this appeal.

The certificate of incorporation, or charter, as finally approved, states, inter alia, in article three, that the congregation "accedes to, recognizes and adopts the constitution, canons, doctrines, discipline and worship of the Protestant Episcopal Church in the United States of America" and "the Diocese of Pennsylvania." The appellants contend that this declaration should be accompanied by the proviso contained in Section 1 of the Act of May 5, 1911, P. L. 172.

The Act of 1911, supra, provides that, when a religious congregation is desirous of becoming incorporated, "it

shall be lawful" for the charter thereof to contain a clause as to the church's ecclesiastical connection, such as above stated, "Provided, however, the said constitution, canons, or ecclesiastical laws, doctrines, discipline and worship, be not inconsistent with the Constitution or laws of the United States or......of the Commonwealth of Pennsylvania, and that they do not conflict with the control of the property of said corporation by the lay members of said corporation." The act neither calls for nor suggests the necessity of placing in the certificate of incorporation the proviso just quoted; it merely requires that, before a charter is granted containing a clause adhering to designated ecclesiastical laws, the tribunal passing upon the application must determine that these laws are not inconsistent with the laws of the United States or the Commonwealth of Pennsylvania, and that they do not conflict with the control of the property of the corporation by its lay members; in other words, the statutory proviso is merely a statement of existing law, and, ex necessitate, the charter is granted subject thereto.

Article nine of the present certificate contains a clause providing, inter alia, that "all property......belonging to said corporation......shall not be taken and held, or enure, otherwise than subject to the control and disposition of the lay members of said corporation." The Act of May 20, 1913, P. L. 242, contains a restrictive provision that the control of the lay members "shall be exercised in accordance with and subject to the rules and regulations, usages, canons, discipline and requirements of the religious body or organization to which such ......congregation......shall belong." Appellants contend that either this statutory provision should be inserted in the certificate of incorporation, or the above quoted clause ought to be omitted as inconsistent therewith. On the other hand, the appellees contend (1) that the clause as written is one that habitually appears in church charters and, so far as is usual or necessary, it

properly states the law upon the subject with which it
deals; (2) that the statutory provision in question is
unconstitutional, and, for that reason, it would be im-
proper to place it in the present charter. This latter
view was formally adopted by the master as the basis of
his decision that the provision need not appear.

The property clause here under discussion is taken al-
most literally from Section 7 of the Act of April 26, 1855,
P. L. 328, as amended by the Act of June 2, 1887, P. L.
298, both of which expressly require the insertion in
every church charter of a stipulation for the control of
the corporation's property by the lay members thereof;
but the subsequent amending Act of May 1, 1907, P. L.
132, while reiterating much of the prior law upon the
subject, contains no such requirement, and this is also
true of the Act of 1913, supra. Finally, the latter act
fails to provide or suggest that the restrictive provision
therein contained shall be inserted in future charters;
and that fact alone justifies its omission in the present
instance. Under the circumstances, we cannot accept
the approval of the certificate of incorporation now be-
fore us as a determination by the court below of the con-
stitutional question sought to be brought up by this ap-
peal.

Constitutional questions can be raised only by one ma-
terially prejudiced, in person, property or estate, through
preliminary steps taken to put into effect the act assailed
(Germantown Trust Co. et al. v. Powell, Auditor Gen-
eral, 260 Pa. 181); or by one subject to immediate
burdensome penalties for nonobservance of the act, if
it should be permitted to go into effect (Pa. R. R. Co. v.
Ewing, 241 Pa. 581); or, of course, by one affected
through actual operation of the act. At the present time,
the appellants in this case occupy none of these positions,
and the question of the constitutionality of the Act of
1913, supra, is in no way involved in the order appealed
from. So far as the legislation in question is concerned,
all the court below had to decide concerning it was

whether or not, since the hereinbefore quoted restrictive provision of that act did not appear in the certificate of incorporation, the latter document was in due form for approval as a charter; and all we now determine is that this inquiry was properly answered in the affirmative. To what extent, if at all, prior legislation with reference to the control of church property, as epitomized in section nine of the present charter, is affected by the Act of 1913, supra, can be decided when an attempt is made either to enforce or depart from the terms of the restrictive provision contained in that statute, if some one really entitled so to do then brings the question up for determination; but it is not properly before us in this case, and, therefore, we express no opinion upon the point.

The assignments of error are overruled and the decree granting the charter is affirmed; appellants to pay the costs.