## Stanley Iron and Steel Company v. Lewis et al.

*Equity—Jurisdiction of court to enjoin—Ministerial acts of State officers.*

Where the commissioners charged with the erection and control of a building at the Sesqui-Centennial Exposition in Philadelphia advertised for bids for the salvaging of the building, in which they represented that the building contained 890 tons of structural steel, one who bought the steel, relying upon such representation, and delivered to them his certified check for 25 per cent. of the bid, may, upon discovering that the building contained only 496 tons, rescind the contract and maintain a bill in equity to enjoin the trust company upon which the check is drawn from paying it and the State Treasurer from negotiating it. Such a proceeding is not within the principle that the Commonwealth cannot be sued without its own consent.

Motion to dismiss bill for injunction. C. P. No. 3, Phila. Co., Dec. T., 1926, No. 15954.

*Malvin H. Reinheimer* and *David Phillips*, for plaintiff.

*William Y. C. Anderson*, Deputy Attorney-General, for treasurer and commission. *Boyd A. Spahr*, for Land Title and Trust Company.

FERGUSON, J., Feb. 25, 1927.—From the bill filed in this case it appears that the commissioners charged with the erection and control of the Pennsylvania State Building at the Sesqui-Centennial Exposition at Philadelphia adver-

Stanley Iron and Steel Company *v.* Lewis et al.

tised for bids for the salvaging of that building, representing that the building contained 890 tons of structural steel. Relying upon this representation, plaintiff submitted a bid for $9274.60, which was accepted by the commissioners, and in compliance with the terms of the advertisement plaintiff delivered to the commissioners his certified check upon The Land Title and Trust Company in the sum of $2318.65, being 25 per cent. of the amount of the bid. Subsequently plaintiff discovered that the amount of structural steel in the said building was not 890 tons, as represented, but only 496 tons, whereupon he attempted to rescind the contract to purchase the material. The bill prayed for an injunction restraining The Land Title and Trust Company from paying the check and the State Treasurer from negotiating it.

These facts appearing by injunction affidavit, a preliminary injunction was issued *ex parte* and a date fixed for a hearing on an application to continue the injunction. Upon the date set the Attorney-General moved that the bill be dismissed, contending that it was a proceeding in effect and fact against the Commonwealth of Pennsylvania, without authority from the legislature. It was agreed between counsel that the injunction should stand pending a determination of this preliminary question, and briefs were submitted.

We do not regard the authorities which hold that the Commonwealth of Pennsylvania cannot be sued, either in law or equity, as applicable to the facts in this case. If the averments of the plaintiff are true, the commissioners misled plaintiff into making the bid referred to and in delivering the certified check. Had the money actually been collected by the State Treasurer, plaintiff would have been obliged to seek redress under appropriate statutes providing for the refund of money improperly paid into the State Treasury. This money, however, has not as yet been realized and is not in the State Treasury. If a wrong has been done the plaintiff by the commissioners, the State Treasurer ought not, on technical grounds, to be permitted to complete the wrong by cashing the check: Mott *v.* Pennsylvania R. R. Co., 30 Pa. 9; Isett *v.* Meehan, 232 Pa. 504. We cannot believe the law contemplates that any official of the State in the performance of a mere ministerial duty can be said to be above the law.

The motion to dismiss the bill is refused.