## The Williamsport and Elmira Railroad Company *et al. versus* The Commonwealth *et al.*

The Commonwealth cannot be made a defendant in a suit in equity.

The purchasers of the state canals under the Act of 21st April 1858, took the same subject to all the provisions of the resolution of the 14th April 1843, respecting the payment of the tolls collected at Williamsport, to the Williamsport and Elmira Railroad Company.

IN EQUITY. This was a bill in equity, by The Williamsport and Elmira Railroad Company and William D. Lewis, a holder of one of the bonds secured by the first mortgage of the said company, against The Commonwealth of Pennsylvania, the Sunbury and Erie Railroad Company, the West Branch and Susquehanna Division Canal Company, and Charles W. Rockwell, the trustee named in the said mortgage.

The bill set forth that the corporation complainants were incor-

porated by Act of 9th June 1832; and in pursuance thereof, had constructed a railroad from Williamsport, northwardly, to the state line towards Elmira; and that a single track of said road was completed in April 1856.

That by a resolution of the legislature of Pennsylvania, of the 14th April 1843, it was provided, among other things, that the collector of tolls on the Pennsylvania Canal, at Williamsport, should keep a separate account of all the tolls collected at said office, for transportation of passengers, and tonnage descending, of all kinds, brought on the West Branch Canal and Susquehanna Division, at that point, by way of the railroad of the complainants; and that the state treasurer should pay to the treasurer of the complainants, at the end of each financial year, the aggregate amount of said tolls; and that the same was to be paid for fifteen years from the completion of one track of said road from Williamsport to Elmira; unless, during the said period, the net proceeds of the road of the complainants, after defraying all the necessary expenses for motive power and superintendence, should exceed six per cent. per annum upon the capital stock thereof.

That on the 1st January 1853, the corporation complainants executed to Charles W. Rockwell a mortgage on their property and franchises, including the tolls collected by virtue of the said resolution of the 14th April 1843, to secure the payment of their bonds to the amount of $1,000,000, of $1000 each, of some of which the complainant, William D. Lewis, was the holder. That the net earnings of their road had never amounted to six per cent. per annum on their capital stock; and that they were still entitled to receive the said tolls, by virtue of the said resolution.

That on the 19th May 1858, the Sunbury and Erie Railroad Company, by virtue of the act for the sale of the state canals, became the owners of the West Branch and Susquehanna Division of the said canals; and on the 1st June 1858, conveyed the same to the West Branch and Susquehanna Division Canal Company. And that by virtue of the act of sale of the state canals, the Sunbury and Erie Railroad Company, and its vendees, took and held the said division of the canals, subject to all contracts and arrangements theretofore made, by Act of Assembly or otherwise, in respect to the use and enjoyment of the said works; and were bound to carry out the same with all persons interested therein, in the same manner as the Commonwealth, or its agents, were required to do by law; and hence were by law bound to pay over said tolls to the corporation complainants.

That the Commonwealth had paid to the corporation complainants the amount of tolls received up to the 18th May 1858; that since that time, viz., from 19th May to 30th June, the Sunbury and Erie Railroad Company had received $257.50; and from 1st July to the end of the fiscal year, the West Branch and Susque-

[Williamsport and Elmira Railroad Co. *et al. v.* The Commonwealth *et al.*]

hanna Division Canal Company had received tolls to the amount of $445.55; but denied their liability to pay the same over to the corporation complainants, and refused so to do.

They, therefore, prayed the court to decree that the said tolls were receivable by the corporation complainants; that the same were pledged for the payment of the interest and principal of the bonds secured by the said mortgage; that the Sunbury·and Erie Railroad Company, while they held the said canal, and the West Branch and Susquehanna Division Canal Company, since, were lawfully chargeable therewith; that the same were trust funds in their hands, and that they were bound to perform all the obligations specified in the resolution of 14th April 1843; or if not, then that the Commonwealth was bound to pay and perform the same. And that the defendant corporations might be restrained by injunction from mixing the said tolls with their funds, or from applying them to any other purpose, than to pay the same over to the corporation complainants; and for further relief, &c.

The defendants, by their answers, denied that there was any liability for the tolls collected since the sale of the canals. That the resolution of the 14th April 1843, did not amount to a contract between the Commonwealth and the corporation complainants; that the benefits thereby conferred were gratuitous, and liable to be withheld or withdrawn by a sale of the works, or by a repeal of the resolution. The cause came on for hearing on bill and answers.

*St. G. T. Campbell*, for the complainants.—A grant is an executed contract: Fletcher *v.* Peck, 6 *Cranch* 136; Boston and Lowell Railroad Corporation *v.* Salem and Lowell Railroad Company, 2 *Gray* 31. This resolution was a grant. And although a grant, and so executed on the part of the Commonwealth, it was not altogether gratuitous; in return for it, the complainants were required and undertook to do certain things, which clearly also make it a contract: Woodruff *v.* Trapnall, 10 *How.* 202. It was, therefore, not liable to be revoked or repealed: Fletcher *v.* Peck, 6 *Cranch* 136–7; Terrett *v.* Taylor, 9 *Id.* 43; *Sedgwick on Statutory and Constitutional Law* 625; Bruce *v.* Schuyler, 4 *Gilm.* 276. The Commonwealth never has attempted to repeal this grant; and the respondent corporations bought this canal expressly subject to the payment of these tolls to the complainants.

*Knox*, Attorney-General, for the respondents.—It is conceded, that the plaintiff cannot legally bring the Commonwealth into this court as a party defendant. But nevertheless all parties are anxious to have the opinion of the court upon the question of the liability of the Commonwealth, under the resolution of 14th April 1843. It is contended on behalf of the Commonwealth, that this

[Williamsport and Elmira Railroad Co. *et al. v.* The Commonwealth *et al.*]

resolution was but a mere gratuity on her part, that it did not bind her to pay to the railroad company the amount of tolls received on freight coming from the railroad to the canal for any given time; and that whenever the receipt of tolls at Williamsport ceased on the part of the Commonwealth, from any cause, the gratuity was at an end. As the resolution in terms gave only what was derived from tolls, when nothing was thus derived, nothing was to be given.

It will be observed, that no time is fixed for the continuance of the grant, and that time is only mentioned in the provision that the resolution should not take effect until one track from Williamsport to Elmira was finished, and that it should not continue in force more than fifteen years. What, then, was there to prevent the Commonwealth from withholding or discontinuing the payment of the tolls at her pleasure? Simply nothing. When she sold the West Branch and Susquehanna Canal to the Sunbury and Erie Railroad Company on the 19th May last, as a necessary consequence of that sale no money was thereafter received by her collector at Williamsport; for in truth she had no collector. The act of sale was equal to a repeal of the resolution, unless provision was made in the act authorizing the sale for the continuation of the gratuity. There is nothing in the Act of 21st April 1858, from which the remotest inference can be drawn, that the Commonwealth would, from the time of the sale taking effect, pay any sum of money whatever to the Williamsport and Elmira Railroad under the resolution of the 14th of April 1843.

Upon the question of the power of the legislature to revoke a gift or grant, like the one in question, I refer to the case of The Hospital *v.* Philadelphia County, 12 *Harris* 229.

The opinion of the court was delivered by

READ, J.—The Commonwealth of Pennsylvania cannot be made a defendant in a suit in equity, and therefore, in what we shall say, we do not intend to express any opinion with regard to her liability to the complainants. If they have any claim against the state, there is a mode pointed out by law, by which it can finally receive the adjudication of this tribunal.

On the 14th April 1843, the legislature passed a resolution, directing the state treasurer to pay to the treasurer of the Williamsport and Elmira Railroad Company, for the use of said company, at the end of each financial year, the aggregate amount of tolls collected at the office at Williamsport, for the transportation of passengers and tonnage descending, of all kinds, brought on the West Branch Canal and Susquehanna Division at that point, by way of the Williamsport and Elmira Railroad. These tolls were to be applied by the company to aid in defraying the expenses incurred in constructing said road. It was, however, provided that this act

[Williamsport and Elmira Railroad Co. *et al. v.* The Commonwealth *et al.*]

should not take effect until one track of said road was completed the whole distance from Williamsport to Elmira, nor was it to continue in force more than fifteen years; and if at any time during the above period, the net proceeds of the road, after defraying all the necessary expenses for motive power and superintendence, should exceed six per centum per annum upon the capital stock thereof, then and in such case, the rights and privileges thereby granted should cease and determine. After the provisions of the act should have gone into operation, the officers of the company were annually to make out, under oath or affirmation, and transmit to the auditor-general, a detailed statement of the receipts and expenditures on the road, designating the amount of tonnage and number of passengers brought on the canal at Williamsport, by means of said railroad, whether the same ascends or descends the canal from that point, and also designating what percentage the amount received from the state treasurer, under the provisions of the act, would be upon the capital stock of the company. A failure or refusal on the part of the officers to furnish these statements rendered the provisions of the act null and void; and it was made lawful for a committee of the legislature, or a branch thereof, to examine the books of the company.

The single track being completed, the above act went into operation to continue for fifteen years, and the Commonwealth punctually paid to the company the tolls thus collected up to the 19th May 1858, when she sold the canal to the Sunbury and Erie Railroad Company.

On the 21st April 1858, the legislature passed an act for the sale of the state canals to the Sunbury and Erie Railroad Company, for which the state was to receive the bonds and mortgages of the company. All sales and transfers by the company required the written consent and approval of the governor, and it was " Provided, that the said Sunbury and Erie Railroad Company, and its several vendees and assigns, who shall take the said public works under the provisions of this act, shall take and hold the same and their appurtenances, subject to all contracts and arrangements heretofore made, by Act of Assembly, or otherwise for or in respect to the use and enjoyment of the said works and their appurtenances; and shall carry out the same with all persons interested therein, in the same manner as the Commonwealth or its agents are now required to do by law."

In pursuance of this act, the Commonwealth, on the 19th May 1858, sold and delivered to the Sunbury and Erie Railroad Company, the state canals; and on the 1st July in the same year, the Sunbury and Erie Railroad Company conveyed the West Branch and Susquehanna Division to the West Branch and Susquehanna Division Canal Company.

This last-named company and its vendor, the Sunbury and Erie

Railroad Company, took this canal with a full knowledge of the existing laws, by which the Commonwealth or its agents were required to pay the tolls thus collected at Williamsport to the Williamsport and Elmira Railroad Company, and which, whether it be called a contract or arrangement, these companies were bound to carry out in perfect and entire good faith. The state paid to the day of the transfer, and then devolved the duty upon her assignees, never intending either to repeal the act itself, or to release its successors from the obligation imposed upon them by the contract with the Sunbury and Erie Railroad Company. It is clear, therefore, that this last-named company are bound to pay the tolls received by them from the 19th May to the 30th June 1858, and that the West Branch and Susquehanna Division Canal Company are bound to pay the tolls received by them from July 1st to November 1858, the end of the fiscal year; and to continue such payments annually for the unexpired period of the term of fifteen years, if they so long remain owners of the said canal, the said tolls to be applied by the Williamsport and Elmira Railroad Company to aid in defraying the expenses incurred in constructing said road.

It is therefore ordered, adjudged, and decreed that the bill of the complainants be dismissed as to the Commonwealth of Pennsylvania; and that the tolls collected and to be collected under the provisions of the resolution relative to the Williamsport and Elmira Railroad Company, passed 14th April 1843, are receivable by and payable to the said The Williamsport and Elmira Railroad Company; and that the defendants, the Sunbury and Erie Railroad Company, while they held the said canal, and the West Branch and Susquehanna Division Canal Company since, are lawfully chargeable with said tolls, and are respectively bound to pay the same to the Williamsport and Elmira Railroad Company, and are hereby ordered, decreed, and adjudged so to do; and it is further ordered, adjudged, and decreed that the said defendant corporations, and each of them, their, and each of their agents, be restrained during the whole unexpired.term of fifteen years, by injunction, from mixing their funds with said tolls, and permitting or applying the same for or to any other purpose than to pay them over to the said Williamsport and Elmira Railroad Company, to be applied by them to aid in defraying the expenses incurred in constructing their road.