### PENTZ v. COMMONWEALTH OF PENNSYLVANIA.

No. 14513.

United States District Court E. D. Pennsylvania.

March 12, 1953.

810

H. Pentz, in pro. per.

Goff & Rubin, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiff, H. Pentz, has brought the present action against the Commonwealth of Pennsylvania, alleging in his complaint that he is a resident of Texas. The question of whether this allegation of residence is equivalent to an allegation of citizenship is discussed below.

Section 2 of Article III of the Federal Constitution provides: "The judicial Power shall extend to all Cases * * * between a State and Citizens of another State * * *."

The Eleventh Amendment to the Federal Constitution clarifies the meaning of the quoted portion of Article III by granting to the states immunity from private suits in the following language:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State * * *."

■ The Supreme Court of the United States has held that the immunity granted by the Eleventh Amendment is a personal privilege which may be waived by a state. Clark v. Barnard, 1883, 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780; Hunkin-Conkey Const. Co. v. Pennsylvania T. Comm., D.C. E.D.Pa.1940, 34 F.Supp. 26.

Article I, Section 11, of the Pennsylvania Constitution, P.S., grants to the Legislature broad authority to waive the Commonwealth's immunity from private suits, as follows:

"* * * Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

■ In Bell Telephone Company v. Lewis, 313 Pa. 374, 169 A. 571, Justice Schaffer, speaking for the Supreme Court of Pennsylvania, said: "That the state may not be sued without its consent is fundamental. * * *" Unless a claim against the Commonwealth is of the type and is pursued in the manner authorized by the Pennsylvania statutes it cannot be maintained against the Commonwealth.

The Pennsylvania Legislature has given its consent to be sued on only two types of claims and has provided a special procedure for each type of suit, as follows: (1) The Fiscal Code of 1929, Act of April 9, 1929, P.L. 343, 72 P.S. §§ 405 and 1003, provides for adjustment and settlement of claims against the Commonwealth, based on accounts with the Commonwealth, by the Auditor General and State Treasurer. Section 1103 of the same Act, 72 P.S. § 1103, grants a claimant the right to have any action of the above officials reviewed by the Board of Finance and Review. Section 1104, 72 P.S. § 1104, gives a right of appeal from a decision of the Board of Finance and Review to the Court of Common Pleas of Dauphin County and thereafter to the Superior or Supreme Court of Pennsylvania. (2) By the Act of May 20, 1937, P.L. 728, 72 P.S. § 4651–1 et seq., the Legislature established the Board of Arbitration of Claims to hear and determine claims against the Commonwealth arising from contracts entered into by it.

■ The present action is based on claims for damages allegedly resulting from the unlawful detention and negligent medical treatment of plaintiff in a state mental institution. These claims are totally unrelated to the two aforementioned types of claims on which the Commonwealth has consented to be sued. Furthermore, even if the claims in the present suit were of the types of claims on which the Commonwealth has consented to be sued, the special Pennsylvania statutory procedures referred to above would have to be followed by the plaintiff, and he cannot press his claims in this court.

■ Plaintiff alleges in his complaint that he is a resident of the State of Texas, but does not allege that he is a citizen of Texas. Citizenship depends on domicile, not mere residence, and an averment that a party is a resident of a particular state is an insufficient allegation of his citizen-

ship to confer jurisdiction upon the district court, Realty Holding Co. v. Donaldson, 1925, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014; Gerstman v. Poole, D.C.E.D. Pa.1950, 88 F.Supp. 733, either with respect to a diversity action or with respect to a suit brought by a citizen of one state against another state which has consented to be sued.

In the present case, however, the question of plaintiff's state citizenship is immaterial, for it is clear that the Commonwealth has not consented to be sued either in a state court or in a federal district court on the types of claims asserted by plaintiff against the Commonwealth. It follows that this Court is without jurisdiction of the subject matter of the present action.

And Now, March 12, 1953, in accordance with the foregoing opinion, defendant's motion to dismiss the action is granted, and the action is hereby dismissed with prejudice.