George J. Koynok and Mary C. Koynok, t/d/b/a Glenmore Academy, Plaintiffs, v. Commonwealth of Pennsylvania, State Board of Private Academic Schools, Dr. L. Wagenhorst, President, and N. Eugene Shoemaker, Secretary of the Board, Defendants.

Argued December 4, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*George L. Koynok,* plaintiff, for himself.

*Edward A. Miller,* Assistant Attorney General, for defendants.

OPINION BY JUDGE MENCER, March 11, 1974:

George and Mary Koynok (Koynok) own and operate a private school, Glenmore Academy, which is licensed by and is under the jurisdiction of the State Board of Private Academic Schools (hereinafter referred to as the Board). Glenmore Academy has been in continuous operation since 1959.

In May 1973, Koynok filed a complaint in equity seeking money damages and injunctive relief against the Board and two of its officers, Dr. L. Wagenhorst and N. Eugene Shoemaker, alleging that he had been injured as a result of an evaluation of Glenmore Academy conducted by the Board in 1967.

The defendants filed preliminary objections contending, *inter alia,* that they are immune from suits under the doctrine of sovereign immunity. We agree with this contention and, therefore, sustain the preliminary objections.

Suits against the Commonwealth are barred by Article I, Section 11 of the Pennsylvania Constitution which provides, *inter alia*: "Suits may be brought

against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." This language has been interpreted to mean that, absent such legislation, the Commonwealth is immune from suit without its consent and that such immunity extends to actions in equity. *Philadelphia Life Insurance Company v. Commonwealth*, 410 Pa. 571, 190 A. 2d 111 (1963). The Supreme Court has held that this immunity also applies to instrumentalities of the Commonwealth engaged in governmental functions. *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A. 2d 849 (1973).

The above case makes it clear that Koynok's action for money damages against the Board is barred since we find that the Board is an instrumentality of the Commonwealth engaged in a governmental function.

Koynok's action for money damages against the two officers of the Board is also barred. We held in *Dubree, Jr., Executor v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973), that the sovereign immunity of the Commonwealth from civil tort liability extends to high public officials acting officially within the scope of their authority with respect to official communications and acts. We have no difficulty concluding that Dr. Wagenhorst and Mr. Shoemaker as president and secretary of the Board are high public officials and hence immune from a suit for money damages under our holding in *Dubree*.

Koynok also seeks injunctive relief against the Board and the two named officers. The decision of the Supreme Court in *Philadelphia Life Insurance Company v. Commonwealth, supra*, draws a distinction between suits against the Commonwealth which are within the rule of its immunity, and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. The Court stated: "Suits which seek to compel affirmative

action on the part of state officials or to obtain money damages or to recover property from the Commonwealth are within the rule of immunity; suits which simply seek to restrain state officials from performing affirmative acts are not within the rule of immunity." 410 Pa. at 576, 190 A. 2d at 114.

A reading of Koynok's complaint reveals that he is not asking this court to restrain the enforcement of a statute which he alleges to be unconstitutional. His suit then falls into that class of suits which is within the rule of sovereign immunity and is consequently barred.

For the above reasons we, therefore, issue the following

### ORDER

AND NOW, this 11th day of March, 1974, the defendants' preliminary objections are sustained and the complaint of George L. Koynok and Mary C. Koynok, trading and doing business as Glenmore Academy, is dismissed.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I, too, would dismiss the complaint, but for the reason that Plaintiffs are guilty of laches. The negative evaluation of Glenmore Academy was issued in 1967, and Koynok was informed in 1968 that this evaluation would not be withdrawn or modified. Yet the instant action was not filed until May 1973. In the interim, many persons involved in the evaluation have left the Department of Education and are unavailable as witnesses, thus significantly prejudicing Defendants' ability to prepare a defense. Under these circumstances, appearing on the face of the pleadings, I would find Plaintiffs guilty of a want of due diligence in failing to institute their action to Defendants' preju-

dice. *Holiday Lounge, Inc. v. Shaler Enterprises Corporation,* 441 Pa. 201, 272 A. 2d 175 (1971); *Wilson v. King of Prussia Enterprises, Inc.,* 422 Pa. 128, 221 A. 2d 123 (1966); *Marston v. Kline,* 8 Pa. Commonwealth Ct. 143, 301 A. 2d 393 (1973).

I cannot agree, however, that the doctrine of sovereign immunity stands as a bar to the injunctive relief sought against Dr. L. Wagenhorst and N. Eugene Shoemaker merely because Koynok failed to allege that the statute under which the evaluation was made is unconstitutional.[1] As the language quoted by the majority from *Philadelphia Life Insurance Company v. Commonwealth,* 410 Pa. 571, 576, 190 A. 2d 111 (1963) elucidates, suits to compel affirmative action by state officials or to obtain money damages or recover property from the Commonwealth are within its immunity; suits to restrain state officials from performing affirmative acts are not barred from sovereign immunity. Although *Philadelphia Life, supra,* involved the enforcement of a tax statute alleged to be unconstitutional, it certainly does not stand as a bar to a suit to enjoin a public official from performing acts beyond or in abuse of his statutory authority merely be-

---

[1] I would have to agree with the majority that, under the present state of the law, the State Board of Private Schools, as an instrumentality of the Commonwealth, is immune from Koynok's action for money damages. *Brown v. Commonwealth,* 453 Pa. 566, 305 A. 2d 868 (1973); *Biello v. Liquor Control Board,* 454 Pa. 179, 301 A. 2d 849 (1973). As no specific relief is asked against the Commonwealth, however, it is not a proper party and must be dropped from the Complaint. Pa. R. C. P. 2232(b); *see also Philadelphia Life Insurance Company v. Commonwealth,* 410 Pa. 571, 190 A. 2d 111 (1963). Nor would I grant the Defendant public officials absolute immunity from money damages without a factual determination that they were acting within the scope of their official duties at the time when they made the complained of evaluation. See my dissenting opinion in *Debree, Jr., Executor v. Commonwealth,* 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973).

cause the statute under which the official proceeds is not also attacked as unconstitutional. If Koynok can establish that the evaluation performed was beyond the statutory authority of the individual Defendants or otherwise in abuse of that authority—although the statute enforced is, itself, constitutional, a suit to enjoin such actions would not be against the Commonwealth, but the defendant officials in their individual capacity. *See Martin v. Baldy,* 249 Pa. 253, 94 A. 1091 (1915); *Isett v. Meehan,* 232 Pa. 504, 81 A. 544 (1911) and the other cases cited in *Philadelphia Life Insurance Company v. Commonwealth, supra,* enjoining unauthorized actions by state officials not involving allegations of unconstitutionality. *See also Beth Jacob Schools of Philadelphia v. Labor Relations Board,* 8 Pa. Commonwealth Ct. 343, 346, 301 A. 2d 715, 717 (1973), and the cases cited therein.