## Compass Coal Company, Inc. v. Pennsylvania Game Commission

*Blakley and Jones,* for plaintiff.
*William R. Rouss,* for defendant.

REILLY, *J.*, October 5, 1979—Plaintiff above-named is the owner of the coal rights in a certain tract of land in Huston and Union Townships, Clearfield County, Pa., containing 4717.1 acres. Defendant owns the surface of the tract, and in this action in equity, plaintiff seeks to require defendant to permit the drilling of the property and removal of the coal. Plaintiff alleges defendant has deprived plaintiff of its right in and to said coal by erecting gates and fences on and about the property. Plaintiff seeks to enjoin defendant from maintaining said gates and fences and from interfering in any way with plaintiff's right to go upon said property for the above purposes.

Defendant seeks to hide behind the doctrine of sovereign immunity and further claims that suits of this type must be brought before the Board of Property in which exclusive jurisdiction is vested. This court finds in favor of defendant. It is true that the doctrine of sovereign immunity is no longer the all-encompassing shield that it once was for protecting the actions of the Commonwealth. In recognition of this development, the Pennsylvania Supreme Court completely abrogated the doctrine in July of 1978 in Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978). However, in September of that same year the General Assembly chose to reaffirm the concept of sovereign immunity in Act No. 152. The legislature distinctly stated in that same act, 1 Pa.C.S.A. §2310, that: "[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly

shall specifically waive the immunity." Clearly, this indicates that sovereign immunity is to remain viable in Pennsylvania except in those specific instances where it is waived by the legislature.

In situations involving title to land, as is the one before this court, there has been a specific waiver of immunity. The General Assembly has given jurisdiction to the Board of Property to settle disputes arising over title to land occupied or claimed by the Commonwealth of Pennsylvania: Act of April 9, 1929, P.L 177, 71 P.S. §337. An editorial note to that statute states specifically that "nothing in Section 4 of said Act [No. 152—reaffirmance of sovereign immunity] shall repeal the waiver of sovereign immunity in this section." Clearly, then, it must have been the intent of the legislature that the Board of Property remain the arbiter of disputes involving title to land.

Plaintiff has cited the case of Philadelphia Life Insurance Co. v. Com., 410 Pa. 571, 576, 190 A. 2d 111, 114 (1963), however, as authority to take this case out of the sovereign immunity area. The case does state that "suits which simply seek to restrain state officials from performing affirmative acts are not within the rule of immunity." Moreover, plaintiff's complaint is worded such that it seeks to enjoin the Game Commission from maintaining any obstructions standing in plaintiff's way as opposed to actually removing those obstructions. At first glance, therefore, it would seem plaintiff's suit fits this exception.

However, the Philadelphia exception can be distinguished from this situation in several aspects. First, in Philadelphia Life Insurance, plaintiff was seeking to keep various state officers from enforcing an allegedly invalid statute imposing a tax on

insurance premiums. The tax had not yet been enforced. Here, the fences and gates have already been erected. For all practical effect, plaintiff is requesting an affirmative act on the part of defendant. In other words, rather than requesting that defendant remove its fences, plaintiff is attempting to attain the same end by enjoining defendant from maintaining them. Suits which seek to compel affirmative acts on the part of state officials are within the rule of sovereign immunity.

In addition, the suit instituted in the Philadelphia case was based on the argument that the statute in question was unconstitutional. When the Pennsylvania Supreme Court refers to refraining from affirmative acts, they are referring to acts done under color of an unconstitutional statute or done when there is no authority to do so. It states at 410 Pa. 576, 190 A. 2d 114: "The distinction is clear between suits against the Commonwealth which are within the rule of its immunity and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional." In those situations, sovereign immunity does not apply: Bell Tel. Co. of Pa. v. Driscoll, 343 Pa. 109, 21 A. 2d 912 (1941). Here, no argument was made that there was an unconstitutional statute involved or that the Game Commission had a statutory authority to erect its fences and keep plaintiff out. Rather, the dispute centered around title to the property.

Therefore, this court finds that sovereign immunity does bar suit. The proper forum for this action is the Board of Property, as opposed to this court of common pleas.

Wherefore, the court enters the following

## ORDER

Now October 5, 1979, it is the order of this court that preliminary objections filed on behalf of defendant are sustained and the Clerk of the Court of Common Pleas of Clearfield County, Pennsylvania, is instructed to certify the above proceedings to the Commonwealth of Pennsylvania Board of Property for further action.