## American Stores Company *v.* Boardman, Secretary of Revenue, Appellant

## Stanley Company of America et al. *v.* Boardman, Secretary of Revenue, et al., Appellants

Argued May 23, 1939.   Before MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John Y. Scott,* with him *Claude T. Reno,* Attorney General, for appellants.

*George Ross Hull,* of *Snyder, Hull, Leiby & Metzger, Theodore Voorhees, Joseph Gilfillan,* of *Gilfillan, Gilpin & Brehman,* and *Barnes, Myers & Price,* for appellee, No. 48.

*Morris Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* with him *Douglass D. Storey,* of *Hause, Storey & Lick,* for appellees, Nos. 50-52.

Opinion by Mr. Justice Drew, June 19, 1939:

The plaintiffs, American Stores Company, Stanley Company of America, Warner Bros. Pictures, Inc., and Warner Bros. Theatres, Inc., (Pa.), all of which are corporations operating, maintaining and controlling a large chain of stores or theatres throughout this state, filed separate bills in equity to restrain the Secretary of Revenue of the Commonwealth of Pennsylvania from enforcing against them the provisions of the "Store and Theatre Tax Act", approved June 5, 1937, P. L. 1656, on the ground, inter alia, that such legislation violates article IX, section 1, of the Constitution of Pennsylvania, and the Fourteenth Amendment of the Constitution of the United States. From the entry of final decrees granting permanent injunctions, after hearing on bill and answer, the Secretary of Revenue has taken these appeals.

While the case of the American Stores Company was tried in the court below and argued before this court separately from those of the theatre companies, nevertheless, we deem it desirable to consider them together in one opinion, since in our determination of the validity of the act in question the same principles of constitutional law apply equally to stores and to theatres.

Section 5 of the "Store and Theatre Act" provides: "License Taxes.—Every person opening, establishing, operating, maintaining or controlling one or more stores or theatres within this Commonwealth, under the same general management, supervision or ownership, shall pay an annual license tax for the privilege of opening, establishing, operating, maintaining or controlling such store or stores, or theatre or theatres as follows: (1) Upon one store or theatre, the sum of one dollar ($1.00). (2) Upon each store or theatre in excess of one, but not to exceed five stores or theatres, the sum of five dollars ($5.00) for each such additional store or theatre. (3) Upon each store or theatre in excess of five, but not to exceed ten stores or theatres, the sum of ten dollars

($10.00) for each such additional store or theatre. (4) Upon each store or theatre in excess of ten, but not to exceed fifteen stores or theatres, the sum of twenty dollars ($20.00) for each such additional store or theatre. (5) Upon each store or theatre in excess of fifteen, but not to exceed twenty stores or theatres, the sum of thirty dollars ($30.00) for each such additional store or theatre. (6) Upon each store or theatre in excess of twenty, but not to exceed thirty stores or theatres, the sum of fifty dollars ($50.00) for each such additional store or theatre. (7) Upon each store or theatre in excess of thirty, but not to exceed fifty stores or theatres, the sum of one hundred dollars ($100.00) for each such additional store or theatre. (8) Upon each store or theatre in excess of fifty, but not to exceed seventy-five stores or theatres, the sum of two hundred dollars ($200.00) for each such additional store or theatre. (9) Upon each store or theatre in excess of seventy-five, but not to exceed one hundred stores or theatres, the sum of two hundred and fifty dollars ($250.00) for each such additional store or theatre. (10) Upon each store or theatre in excess of one hundred, but not to exceed two hundred stores or theatres, the sum of three hundred and fifty dollars ($350.00) for each such additional store or theatre. (11) Upon each store or theatre in excess of two hundred, but not to exceed five hundred stores or theatres, the sum of four hundred and fifty dollars ($450.00) for each such additional store or theatre. (12) Upon each store or theatre in excess of five hundred stores or theatres, the sum of five hundred dollars ($500.00) for each such additional store or theatre." The act also requires that "A separate license shall be procured for each store or theatre," and also provides for a penalty of "not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00), and costs of prosecution." The appellees contended, and the chancellor found, among other things, that in graduating the tax per store or theatre according to the number of

stores or theatres under a single management, supervision or ownership, the act offended article IX, section 1, of the Pennsylvania Constitution, which provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general law." In behalf of the Commonwealth, the attorney general appeared before us and vigorously urged the validity of this statute.

We approach consideration of the constitutionality of this tax act mindful of the fact that the court has no power to review its wisdom or expediency; that if an act which undoubtedly provides for classification is capable of two interpretations, one of which would provide for uniform taxes, and the other not, the former interpretation is to be preferred (Rowell's Estate, 315 Pa. 181); and that classification for the purposes of taxation is generally for the legislature and the court can declare a statute void only when it clearly, palpably and plainly violates the constitution (Heisler v. Colliery Co., 274 Pa. 448). However, it requires but a glance at its provisions to see that the act now before us for consideration is capable of but one interpretation and that is that it is a plain and palpable attempt at graduated taxation which obviously violates the provisions of our constitution. Even without the benefit of the voluminous record in these cases and the findings of the learned chancellor, which show clearly the modern methods of retail merchandising and theatre operation and control and that there is no so-called difference between chains and other stores or theatres, a reading of the statute unquestionably reveals that the legislature has attempted to set up therein a classification that is based solely upon a difference in quantity of precisely the same tax base, for the classification rests on the number of stores or theatres and upon nothing else. The graduation provided is according to numbers without relation to any other consideration, except that the number of

stores or theatres are under the same ownership, management or operation.

This court has long held and it is now well established in this Commonwealth that a progressively graduated tax is lacking in uniformity and violates article IX, section 1, of our Constitution. From *Banger's Appeal*, 109 Pa. 79 (1885)—the first instance such a tax came before this court for consideration after the adoption of our present Constitution—down to *Butcher v. Philadelphia*, 333 Pa. 497 (1938), we have consistently and unalterably held that a graded tax cannot be sustained. See *Fox's Appeal*, 112 Pa. 337; *Cope's Estate*, 191 Pa. 1; *Kelley v. Kalodner*, 320 Pa. 180; *Blauner's Inc. v. Philadelphia*, 330 Pa. 342, and numerous similar cases. In *Cope's Estate*, supra, wherein a statute providing for an inheritance tax was declared unconstitutional for lack of uniformity, Mr. Chief Justice STERRETT, speaking for this court, said (page 22) : "A pretended classification that is based solely on a difference in quantity of precisely the same kind of property is necessarily unjust, arbitrary and illegal. For example, a division of personal property into three classes with the view of imposing a different tax rate on each,—class 1, consisting of personal property exceeding in value the sum of one hundred thousand dollars ($100,000), class 2, consisting of personal property exceeding in value twenty thousand dollars ($20,000) and not exceeding one hundred thousand dollars ($100,000), and class 3, consisting of personal property not exceeding in value twenty thousand dollars ($20,000)—would be so manifestly arbitrary and illegal that no one would attempt to justify it." The same language was reiterated with approval in *Kelley v. Kalodner*, supra, where again we were compelled to declare an act imposing a graduated income tax invalid as a violation of the uniformity provision of the Pennsylvania Constitution.

Whether the statute imposes a progressively graduated tax on income or, as does the act here before us,

on the operation of stores or theatres within the Commonwealth, it lacks uniformity and hence is unconstitutional. "Where *different* rates are legislatively imposed on varying amounts or quantities of the *same* tax base, then you have a graded tax that lacks uniformity under our Constitution. . . . To create a graded tax it is generally necessary that the rate itself be a variable factor even though the base may remain constant, or it may be that in particular cases such a tax may result because of intangible differentiations in subject-matter with the imposition of a different rate upon each of them. The impost which varies in levels of the tax base thus defined becomes graded and lacks uniformity under our Constitution": *Turco Paint & Varnish Company v. Kalodner,* 320 Pa. 421, 426. When this principle is applied in the present case, it is readily ascertained that the statute is an instance of "different rates . . . legislatively imposed on varying amounts or quantities of the same tax base," i. e., the number of stores or theatres, and therefore void.

The appellant earnestly contends that the "Store and Theatre Tax Act" imposes an excise or privilege tax and that the uniformity clause of our Constitution has no applicability thereto. With such contention we cannot agree. Whether the tax attempted to be imposed by the act in question be termed a property or excise tax makes no difference in determining its uniformity under article IX, section 1, of the Pennsylvania Constitution, for there it is clearly provided that "all taxes shall be uniform." Words of the Constitution must be interpreted in their general and popular meaning as understood by the people who voted on it: *Busser v. Snyder,* 282 Pa. 440. In *Cope's Estate,* supra, (page 21), it was said: "The language of section 1, as to what the rule of uniformity shall embrace, is as broad and comprehensive as it could possibly have been made. The words, 'all taxes', must necessarily be construed to include property tax, inheritance tax, succession tax and

all other kinds of tax the subjects of which are susceptible of just and proper classification." While it is true that the tax in that case was held to be a property tax, yet, as we said in *Kelley v. Kalodner,* supra, (page 190) : "the language of the then Chief Justice quoted above is so all-embracing in its character as to require serious consideration." Furthermore, in *Blauner's, Inc., v. Philadelphia,* supra, we declared unequivocally that the City Sales Tax Ordinance, there under consideration, was an excise tax and that such tax must be uniform. Since the principles of equality and uniformity are so firmly imbedded in the Constitution of this Commonwealth and in our decisions, we have no alternative but to declare the "Store and Theatre Tax Act" to be in violation of article IX, section 1, of the Constitution of Pennsylvania. Therefore, it is unnecessary to consider appellees' objection that this statute is also in conflict with other provisions of the State and Federal Constitutions.

Decrees affirmed; costs to be paid by appellants.

Mr. Justice STERN concurs in the result.