## Oberheide Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*Bruce R. Wright*, for accountant.

*Arno P. Mowitz*, for exceptants.

*Otto W. Woltersdorf*, contra.

SAYLOR, J., December 7, 1956.—The question before the court is whether a German tax on the legacies to two German citizens and nationals should be paid by them or by decedent's estate.

Magdalene Oberheide, a single woman, died without issue on July 25, 1955, leaving a will whereby she gave to her sister-in-law Martha Oberheide a bequest of $10,000 and to her cousin, Hermione Heidtmann, a bequest of $1,000. Both legatees reside in Western Germany. After making other bequests to friends in the United States and to a cemetery company and church institutions in this country and in Germany, decedent left her residuary estate to five women in this country.

In her will testatrix directed:

"I order and direct that *all inheritance, estate and transfer taxes that may be imposed upon my estate,* or any part thereof, domestic or *foreign,* shall be paid out of my residuary estate, and that *all bequests shall be free, clear and discharged therefrom.*" (Italics supplied.)

At death decedent did not possess any estate outside the Commonwealth of Pennsylvania. The executor refused to pay the German taxes on the two bequests aggregating approximately $2,000.

The auditing judge held that an "acquirer's" tax imposed by the German government on the two bequests to the two German nationals was not an inheritance, estate or transfer tax, and that testatrix limited the charge against her residuary estate to only such taxes as would fall within that category. He accordingly denied the legatees' request that the tax imposed upon the legatees in Germany should be paid out of the residuary estate. To this the legatees through their assignees excepted.

The parties agreed that a translation into English of excerpts from the German law, made a part of the record, was a correct statement of the tax, that the tax becomes effective only when the legacy is actually received by the distributee and that there is no obligation on the executor to pay it or to collect from the legatee.

The agreed upon translation contains references to what is called "The German Inheritance Tax Law of August 22, 1925 as of December 16, 1954." The law designates the tax debtor as "the acquirer, in the gift also the giver," states that the "tax debtors are the descendants in respect to their respective shares", that "the estate as also every heir is liable to the extent of the value received out of the inheritance for the tax on those participating in the inheritance as co-debtor" and provides that sections of the act "govern the lia-

bilitity of the heirs or attorneys in fact, etc., as regards the finance offices in case the inheritance tax is not paid."

Obviously as the "giver" in this case is an estate subject not to the laws of Germany but of Pennsylvania, there can be no resort by the German taxing authorities to the executor but only to the "acquirer" or legatee resident in Germany. Consequently the assessment of the tax in the case of the two bequests to the German nationals was made only against them. The notice of such assessment refers to the "inheritance tax" due on the "gain because of death of Magdalene Oberheide" and claims a tax totaling approximately $2,000. No tax was assessed on the bequests to a cemetery and the Evangelical Seminary in Dorum, Germany.

In an explanatory statement attached to the papers above referred to appears the words:

"In computing the German inheritance tax, it is left out of consideration that the testatrix has imposed the payment of the inheritance tax on the legacies upon the heirs. (Paragraph 12, Section 1, Inheritance Tax Law)."

There are two questions to be answered: (1) Did testatrix in using the word "foreign" intend it as an adjective referring to her estate or taxes; and (2) does the fact that the German tax is assessed against the recipients bring it within testatrix's phrase: "inheritance, estate and transfer taxes that may be imposed upon my estate"?

It is admitted that when she wrote her will and at her death testatrix did not own any estate in a foreign country. The auditing judge, however, said that it is possible that she had such ownership in contemplation. The assumption in our opinion, in the absence of any evidence supporting it, would not justify determining that the word "foreign" must necessarily relate to

the estate rather than to taxes. Nor can it be properly assumed that decedent, an immigrant from Germany in 1913, had in mind the possibility of acquiring an estate in Germany which might be subject to a tax imposed thereon by German law.

It is more reasonable to assume that when testatrix added the words "that all bequests shall be free, clear and discharged therefrom" (meaning taxes) she indicated that she intended her legatees to be relieved of the burden of any taxes which might be imposed upon her bequests whether they be American taxes or taxes of any foreign country that would be a burden on such legacies, directly or indirectly.

It is not to be overlooked that decedent, who in writing her will was conscious of the distinction between "domestic" and "foreign" did not restrict the payment of taxes to domestic taxes. She did not provide that "all state and Federal taxes" should be paid, but that "all" taxes be paid. Even without the clause, "domestic or foreign", the phrase "all taxes" would include the taxes assessed by any government, whether State, Federal or foreign. It may be observed that the provision of the Pennsylvania Constitution relating to "all taxes" is held to include every kind of property tax, inheritance tax, succession tax, and all other kinds of taxes the subjects of which are susceptible of just and proper classification: American Stores Co. v. Boardman, 336 Pa. 36 (1939); Com. ex rel. v. Overholt & Co., Inc., 331 Pa. 182 (1938); Cope's Estate, 191 Pa. 1 (1899).

These cases are not to be dismissed on the ground that constitutional construction is governed by principles differing from those relating to the interpretation of a will. The rationale of the above cases is that the "Words of the Constitution must be interpreted in their general and popular meaning as understood by the people who voted on it": American Stores Co.

v. Boardman, 336 Pa. at p. 42. The same canon applies to the interpretation of a will, namely, that words must be interpreted in their general and popular meaning as understood by testator who employed them. When decedent said "all taxes", she meant "all" taxes, and not merely some taxes, or only domestic taxes.

The second question involves the common practice of the makers of wills in referring to taxes of an inheritance, estate or succession nature as taxes upon their estates coming into operation at death. In Tack's Estate, 325 Pa. 545 (1937), the Supreme Court held that whatever the name used in the Pennsylvania statute, an inheritance tax "is not, in its essence, a tax on the decedent's property or any component part of it, or on the transaction of transferring it . . . but is an excise on the privilege of inheritance."

This principle has also been declared in Shugars v. Chamberlain Amusement Enterprises, Inc., 284 Pa. 200 (1925); Kirkpatrick's Estate, 275 Pa. 271 (1922).

Just so the German tax here imposed on the "acquirer" is a tax on the privilege of inheriting the bequests received by the German legatees from decedent's estate. Since our Pennsylvania courts in applying tax-free clauses have freed specific legacies from domestic taxes on the right to inherit, it is reasonable that where such a clause includes the word "foreign" they should relieve such legacies from a foreign inheritance tax. The tax here involved clearly appears to be such whether the payer thereof in a German estate is either the estate representative or the legatee, as we have seen, or in a non-German estate is necessarily only the party subject to German law, in this case the legatee.

While we have found no Pennsylvania case law so holding, cases from English courts variously applying "death duty" tax law to inheritance payable in other countries have been decided for or against such appli-

cation upon the interpretation of clauses in the will relating thereto. The English courts have held such clauses applicable to foreign taxes even in the absence of the word "foreign" from the will because of attendant circumstances, if the direction is sufficiently compelling.

The American cases generally hold that a direction concerning death taxes is governed by the words of the will as evidencing the intention of decedent without resort to presumption. In some New York cases a mere general tax-free clause which did not contain reference to foreign taxes was considered insufficient to include a German tax and as not disclosing an intent to pay the German tax out of the estate. But in Schaefer's Will, 184 N. Y. Misc. 811, 54 N. Y. S. 2d 628 (1945), testator's direction that "all my Inheritance, Transfer and Federal taxes be paid out of my residuary estate" was held to include the Federal estate tax on an Ontario property.

In Gotthelf's Will, 152 N. Y. Misc. 309, 273 N. Y. S. 247 (1934), the German estate inheritance legacy tax imposed upon the recipient was held not to be a true inheritance or legacy tax but an "acquirer" tax imposed upon the recipient and one not affecting executors and therefore, one that cannot be levied or collected in New York. In that case, however, decedent did not use the word "foreign". Nor did he use that word in Baer's Estate, 161 N. Y. Misc. 797; 293 N. Y. S. 772 (1936), similarly decided.

Moreover, we do not agree that the German tax is not an inheritance tax. The excerpts from German law above quoted point to the contrary. Whether a tax is an inheritance tax depends not on who pays it but upon what ground it is assessed. Actually, the name of the German law is "Erwerbersteuer", namely, an "acquirer's" tax and the word "Ewerber" is translatable into English not merely as an acquirer but as one

who has received or taken an inheritance. It is because of the fact that the recipient is the beneficiary of an inheritance that the tax is imposed upon him. That is the ground for the assessment. The tax is not one on property as such.

In the case of Franz Maximilian Groedel, reported in the New York Law Journal of June 6, 1956, a New York testator bequeathed $4,000 to a resident and national of Germany. Although the tax-free clause did not include the word "foreign", testator, in referring to the payment of various types of death taxes out of his residuary estate, did include "legacy taxes". The court held that under the clause "it was the clear intention of the testator that all taxes, including those on the bequest in question, be paid out of the residuary estate."

In the Estate of Rulman Muller, reported in New York Law Journal of November 14, 1929, the will provided for the payment of "all estate, inheritance and transfer taxes against bequests made" out of the estate and not by the beneficiary or beneficiaries thereof. The court held that "the testator clearly intended that the legatees be paid the full amount of their legacies without any deduction therefrom for estate, inheritance or transfer taxes *wherever* payable." (Italics supplied.)

In the Estate of Carl Damschinsky, reported in New York Law Journal of March 6, 1930, the will provided that *"all inheritance taxes on my estate* shall be paid as an expense of administration and that no legatee shall be required to reimburse my estate for any such taxes paid on his behalf." The court held that "all taxes imposed by the Republic of Germany upon the legacies of those who are citizens or residents of that country must be paid out of the residuary estate without reimbursement by such legatees." (Italics supplied.) The court interpreted the words "all inherit-

ance taxes on my estate" as including taxes on the bequests themselves. This language from the will is essentially no different from the clause "taxes that may be imposed upon my estate" in the will before the court.

In Farmers Loan and Trust Company v. Winthrop, 238 N. Y. 488, 144 N. E. 769 (1924), the court held that the clause "all inheritance taxes be paid out of my general estate" meant that all taxes upon the transfer of property passing under the will and which, in common parlance, are known as "inheritance taxes", should be paid out of the residuary estate even where, under the statute imposing the tax, such tax would ordinarily be payable by the legatee out of the legacy received.

In Lucy C. Ayers Home v. Fales, 77 R. I. 37, 73A 2d 104 (1950), the phrase concerning taxes "by whatever jurisdiction imposed" included a tax imposed by the State of Florida where decedent owned real estate.

Were there any doubt as to which of two constructions should be adopted, the court should adopt that which will give effect to the ordinary intention of testator, even though that should involve the payment of a tax imposed by another government, rather than defeat that intention by a technical construction. Thus in Baily's Estate, 290 Pa. 3 (1927), a direction that " 'all collateral inheritance or other succession tax or taxes that may be chargeable against any of the above bequests shall be paid out of my residuary estate' " was held to include the Federal estate tax although technically it was not a tax on the interest to which a person succeeds on the death of the owner. While the court was influenced by the direction that all his legatees, his children, should be treated equally, the opinion is not based on such an intention alone, but is merely confirmed thereby. The court states with respect to "any and all taxes":

"This term is sufficiently comprehensive to include the federal tax, and a careful reading of the whole will leads to the conclusion that testator so intended."

The present controversy presents the converse situation in which the provision of a will should be interpreted to include the tax imposed by another jurisdiction, although such tax is not technically imposed upon the estate of decedent.

To be sure, testatrix in our case did not use the words "legacy tax", or the words "taxes wherever payable", or "taxes on inheritance", or "taxes payable by the legatees" or "by whatever jurisdiction imposed." She could have used different phraseology than she actually employed and could have spelled out in more detail her direction that if her German beneficiaries had to undergo the burden of the tax on residents or nationals of that country they should thereafter be relieved therefrom by her general or residuary estate. She did, however, make it clear that the legacies she bequeathed should "be free, clear and discharged therefrom", "therefrom" meaning "all inheritance, estate and transfer taxes that may be imposed upon my estate", whether they be imposed in the United States or by a foreign country.

The contention by the residuary legatees that as the German tax was assessed against the German legatees and not against the estate the latter could not be made liable for its payment is beside the point. Granted that the tax is assessed against the "acquirers" in the first instance, that fact does not alter our conclusion that it is an inheritance tax, even though a foreign one, and hence one to be borne by the residuary estate of testatrix. That the German authorities could not proceed to collect the tax from the estate has no weight in our reaching the conclusion that under the direction of testatrix it is her residuary estate that shall ultimately

pay it in order that the German heirs shall receive their bequests tax free and intact.

To decide that the inheritance tax imposed by Germany may not be reimbursed to the two German legatees by the executor would be to deny to this testatrix the right she exercised in placing the burden of the tax on the estate and not on the legatees. To relieve them of that burden assures their receipt of the entire $11,000 bequeathed to them. That was her intention.

For these reasons the exceptions are sustained and the adjudication is amended accordingly.