## Broderick v. Eiden

*Joseph J. Notarianni,* for plaintiff.

*Richard S. Campagna,* for defendants.

HOBAN, P. J., April 25, 1963.—Plaintiff, the operator of several open air vehicle parking lots in the City of Scranton, filed a complaint in equity seeking to restrain the city treasurer from collecting permit fees or taxes upon his privilege of doing business, which fees or tax were based upon an assessment of $10 per car space for the year April 1, 1963, to March 31, 1964, as provided in Ordinance File of the Council of the City of Scranton, Number 25, Year 1963. Upon a rule to show cause why a temporary injunction should not issue, and after hearing, we granted a temporary injunction restraining the collection of said permit fees or taxes until after final hearing. This opinion is filed as a memorandum of reasons for such action.

By its title, ordinance 25 purports to be "An Ordinance Licensing and Regulating the Maintenance of Parking Lots and Garages and Employees thereof."

The city solicitor concedes that if the ordinance is to be viewed solely as a licensing regulation, it cannot be supported. Accordingly, we need give this phase of the problem no extended consideration. We may say, however, that it is hard to see how the city could do otherwise. While absolute equality is not required in legislation under the police power, still when a license is exacted from those in any particular pursuit all those who follow the same occupation must be taxed alike. See cases collected in Purdon Pennsylvania Statutes, Constitution, article IX, sec. 1, note 61. In our opinion, the credit granted by the ordinance to owners of indoor parking facilities measured by the real estate taxes paid on the improvements on the land destroys this uniformity requirement.

Moreover, a license fee to provide for the policing of a regulatory ordinance ought to bear some rational

relationship to the cost of regulatory supervision, otherwise it may be confiscatory and on a preliminary view, this ordinance appears to be subject to this objection.

The city, however, seeks to support the ordinance as a revenue measure, authorized by the provisions of the Stonier-Bruner "Tax Anything Act" (Act of June 25, 1947, P. L. 1145, 53 PS §6851). Considered as such, the ordinance is objectionable for the following reasons:

1. The ordinance fails to state that it is enacted under Authority of the Tax Anything Act, a requirement under Section 1-A of the act as amended.

2. The ordinance provided for an effective date less than 30 days from final enactment, contrary to the provisions of the act. While this defect might be cured by amendment, it is a defect nevertheless: Section 3, Act of 1947, supra, 53 PS §6853.

3. Section 4(a) of the ordinance imposes a "fee" of $10 for each car of the total capacity of the lot and "the City Treasurer may make such rules and regulations as are necessary in order to determine the capacity of the lot." We are of the opinion that this provision is an unlawful delegation of legislative authority, since the treasurer is given no standard or guide upon which to base his fact finding. How is capacity to be determined? By the space necessary for a tractor trailer, a luxury sedan, or a small compact or sports car? This section appears to be so vague as to be unworkable, and could lead to discrimination and inevitable confusion in administration.

4. The ordinance appears to us to be in flat violation of the Uniformity Clause of article IX, sec. 1, of the Pennsylvania Constitution for two reasons: (a) The operator of the "covered" or "improved" parking facility gets preferential treatment, measured by a credit against his car space assessment for the real estate tax paid on his improvement, which of necessity

cannot be uniform even within a group of "improved" facility operators if considered as a separate classification; and (b) the classification as between "open" and "improved" or closed parking facility operators seems to us to be unreasonable and discriminatory.

5. The proposed tax is clearly a tax on the privilege of doing business. As such it is subject to the limitation of section 1-E(h) of the act (added by Act of September 25, 1961, P. L. 1643, 53 PS §6851-E(h)), limiting flat rate occupation and occupational privilege taxes *not using a millage or percentage basis* to $10.

For the reasons stated, the ordinance seems to the chancellor so plainly and palpably in violation of the Pennsylvania Constitution as well as the Stonier-Bruner Act as to warrant restraint by preliminary injunction. Cf. American Stores v. Boardman, 336 Pa. 36.