Holiday Lounge, Inc., Appellant, *v.* Shaler Enterprises Corporation.

202

Argued October 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Sidney Baker*, with him *Krause & Baker*, for appellant.

*Richard A. Zappala*, with him *Zappala & Zappala*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 7, 1971:
The gravamen of appellant's argument is that a decree should be vacated when preliminary objections to

a complaint in equity are sustained, and the complaint is dismissed within the ten-day period allowed for amendment as of course, without transferring the matter to the law side or allowing the complainant the opportunity to amend. We affirm the chancellor's decree dismissing the complaint.

Appellant, Holiday Lounge, Inc., filed a complaint in equity on June 17, 1970, requesting only a preliminary injunction until final hearing, and a permanent injunction thereafter, enjoining appellee, Shaler Enterprises Corporation, from evicting Holiday Lounge, Inc., from appellee's premises when the five-year lease between the parties terminated on June 30, 1970. The chancellor set a date for a hearing on the request for preliminary injunction. On June 24, 1970, prior to the scheduled hearing, appellee-landlord filed preliminary objections, alleging, among other things, appellant-tenant was guilty of laches and had an adequate remedy at law. Those objections were argued at the time of the hearing, and on June 26, 1970, the chancellor dismissed appellant's complaint solely because of laches.

Appellant first alleges that the chancellor erred in dismissing the complaint without affording appellant the opportunity to amend. This argument is based on Rule 1028(c) of the Pennsylvania Rules of Civil Procedure which provides for the filing of an amended pleading "as of course" within ten days after service of a copy of preliminary objections. Rule 1028(c) is made applicable to equity actions by Rule 1501.

Our research has not uncovered any prior judicial interpretations of Rule 1028(c) on this issue. However, we cannot conceive that the draftsmen of the Rule intended to have it operate in a situation such as is now presented to this Court. Otherwise, no chancellor could ever dispose of preliminary objections to an equity complaint until ten days had lapsed from the service of the objections. Clearly, the opportunity to amend

"as of course" provided for in Rule 1028(c) is available only when there has been no *intervening judicial* determination of the validity of the preliminary objections.*

Appellant next contends that the chancellor erred in not certifying the matter to the law side of the court, as required by *Siegel v. Engstrom*, 427 Pa. 381, 235 A. 2d 365 (1967) and Pa. R. C. P. Rule 1509(c).

Rule 1509(c) provides: "The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court. If not so pleaded, the objection is waived."

The Rule requires a certification *only if the objection is sustained because there is an adequate remedy at law.* Appellant, however, requested *only equitable relief* in its complaint; no demand for damages was made, and therefore no remedy at law could satisfy appellant's claim. Also, the chancellor sustained the preliminary objections *solely* on the ground of laches.

Finally, appellant argues that a complaint in equity should not be dismissed upon preliminary objections raising the defense of laches. It is settled that laches may be raised and determined by preliminary objection if laches clearly appears in the complaint. *Siegel v. Engstrom*, 427 Pa. 381, 235 A. 2d 365 (1967); *Stahl v. First Pennsylvania Banking and Trust Co.*, 411 Pa. 121, 191 A. 2d 386 (1963) (citing cases).

---

* This Court, in the past, has not allowed amendments freely in similar situations: "A plaintiff will not be afforded an opportunity to amend his bill so as to explain his laches unless he sets forth in a petition for leave to amend reasons which would relieve him of the charge of inexcusable delay in seeking the rights he alleges and unless he avers under oath that he expects to be able to support these reasons with competent testimony." *Riley v. Boynton Coal Co.*, 305 Pa. 364, 371, 157 Atl. 794, 796 (1931).

The exhibits attached to appellant's complaint reveal that the lease contained an option that could be exercised ". . . by given written notice to landlord of the exercise thereof at least one year prior to the expiration of this lease". To satisfy that requirement, appellant had to notify the landlord of its exercise of the option by June 30, 1969. Appellant's complaint admits it did not send the requisite notice until November 18, 1969, at which time appellee promptly wrote that the notice was too late. The complaint in equity was not filed until June 17, 1970. "The application of the equitable doctrine of laches does not depend upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice. . . . The question of laches is factual and to be determined by an examination of the circumstances." *Wilson v. King of Prussia Ent., Inc.,* 422 Pa. 128, 133, 221 A. 2d 123, 126 (1966) (citations omitted).

We agree with the chancellor that appellant's complaint clearly indicates that it had more than six months notice of the position of appellee-landlord, and therefore that appellant "was guilty of laches in waiting so long to seek such drastic equitable relief, which, if granted, would be prejudicial to the defendant."

Decree affirmed. Each party to bear own costs.

Mr. Justice COHEN took no part in the decision of this case.