## Charnita, Inc. v. Sowers

*F. Joseph Larkin*, for plaintiffs.
*Eugene R. Hartman*, for defendants.

MacPHAIL, P.J., November 14, 1973.—Defendants have filed preliminary objections to plaintiff's complaint in the nature of a motion to strike, a motion for a more specific complaint, a petition raising questions of jurisdiction, and a demurrer.

The gravamen of the action appears to be the failure of defendants who are sued as township supervisors to perform certain functions allegedly imposed upon them by the terms of a sewerage plan. According to plaintiff, a real estate developer in the township, this alleged failure on the part of the township officials to perform their official duties has resulted in irreparable harm to plaintiff and the "continued course of conduct" on the part of defendants will result in "irreparable harm" to plaintiff in the future. Plaintiff asks that defendants be restrained and enjoined from interfering with plaintiff's conduct of its business, that it

be compensated for its losses, that exemplary damages be awarded and that other just and proper relief be granted.

## MOTION TO STRIKE

Defendants complain that the complaint does not indicate in the caption or elsewhere whether the action is in law or in equity. Pennsylvania Rule of Civil Procedure 1018 requires plaintiff to set forth the "form of the action" in the caption of the complaint. While it appears obvious from the relief sought that the action is in equity, the objection is nevertheless valid because the caption is defective. If this was the only problem with the complaint, we would exercise our authority under Pennsylvania Rule of Civil Procedure 126 and overlook the defect. However, since that is not the situation, we will sustain the motion to strike on that ground.

We will summarily overrule the motion on the ground of scandalous and impertinent material being included in the complaint, as not meritorious.

## MOTION FOR MORE SPECIFIC COMPLAINT

Paragraph 6 of the complaint refers to an agreement between plaintiff and defendants which is attached to the complaint. However, paragraph 7 of the complaint refers to a sewerage plan which allegedly contains the requirement that the defendants do the things plaintiff says they didn't do. The sewerage plan is not attached to the complaint. Since that agreement is the very basis upon which the suit must stand or fall, the failure to attach a copy of that agreement is clearly in violation of Pa. R.C.P. 1910(h). Therefore, the motion for a more specific complaint must likewise be sustained.

## PETITION RAISING QUESTIONS OF JURISDICTION

Defendants contend that since the action is against them in their official capacity as township supervisors, and since the plaintiff's complaint alleges that defendants are not performing their official duties, there is an adequate remedy at law available to plaintiff, to wit, an action of mandamus. Indeed, plaintiff here contends in very positive terms, paragraph 7 of the complaint, that the township was "required" to submit certain information to the Department of Environmental Resources and that the two defendants, who constitute a majority of the board of supervisors, "arbitrarily, unreasonably, intentionally and without cause" refused to submit such information. This appears to be a clear case where mandamus will lie. Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear right in the plaintiff, a corresponding duty in defendant, and a want of any other appropriate and adequate remedy: Boslover A. A. B. Association v. Philadelphia Redevelopment Authority, 425 Pa. 535 (1967).

While we still have the technical problem of whether the action is in equity, see supra, we will hold that the complaint "sounds" in equity and that equity has no jurisdiction because there is an adequate remedy at law. Under such circumstances, we should not dismiss the action, but rather, under the provisions of Pa. R.C.P. 1509(c), must certify the case to the law side: Holiday Lounge, Inc. v. Shaler Enterprises Corp., 441 Pa. 201 (1971).

## DEMURRER

The demurrer must be overruled because plaintiff

has stated a cause of action against defendants in mandamus.

## ORDER OF COURT

And now, November 14, 1973, defendants' motion to strike, motion for a more specific pleading, and the petition raising questions of jurisdiction are sustained. The demurrer is overruled. It is ordered that the prothonotary transfer the within case to the law side of the court. It is further ordered that plaintiff shall have 20 days from the date notice of this order is given to file an amended complaint. If no amended complaint is filed within such time, the prothonotary may, on praecipe of defendants, pursuant to Pa. R.C.P. 237, mark the within action dismissed.