Russell B. KORNER, Jr., Randall G. Klimchock and Jeffrey A. Pribanic, Appellants,

v.

Ralph WARMAN, Individually and as District Attorney for the County of Fayette, Pennsylvania, and the County of Fayette. (Two Cases)

Commonwealth Court of Pennsylvania.

Argued March 15, 1995.

Decided May 17, 1995.

Victor H. Pribanic, for appellants.

Robert L. Webster, Jr., for appellees.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and NEWMAN, JJ.

McGINLEY, Judge.

Russell B. Korner, Jr., Randall G. Klimchock and Jeffrey A. Pribanic (Appellants) appeal from two orders of the Court of Common Pleas of Fayette County (trial court): one of which sustained appellees' demurrer; and the other denying Appellants a change of venue.

Appellants were employed as Assistant District Attorneys for the County of Fayette. By letter dated July 1, 1991, Ralph Warman (Warman), newly appointed District Attorney terminated Appellants for their association with his predecessor in office, Alphonse P. LePore, Jr. (Lepore).

On April 5, 1994, Appellants filed a complaint with the trial court alleging that they were terminated illegally. The pertinent allegations of the complaint are as follows:

11. The discharge of each of the Plaintiffs was a direct result, as stated by Defendant Warman, of partisan politics, patronage and was based solely upon their political beliefs and association with his predecessor in office, Alphonse P. LePore, Jr.

. . . .

17. Defendants' conduct as described above is violative of the Public Policy of the Commonwealth of Pennsylvania and further violates the Pennsylvania State Constitution concerning the separation of powers between the Judicial and Executive branches of Government.

Complaint, April 5, 1994, paragraphs 11, 17, at 2, 3; Reproduced Record (R.R.) at 6a, 7a.[1]

[1.] We note that the complaint is verified by Appellants' counsel due to "... the unavailability of

Appellants also filed a motion for change of venue on May 31, 1994, which stated in pertinent part:

3. Additionally, Plaintiffs' Complaint and Brief in Opposition to Preliminary Objection filed by Defendant maintains averments that Defendant Warman acted in dismissing or terminating Plaintiff's employment upon the advice or direction of certain members of the judiciary of the Court of Common Pleas of Fayette County.

4. As a result of the foregoing, Plaintiffs would suggest that a fair and impartial trial would not be possible within the Court of Common Pleas of Fayette County.

Motion For Change of Venue, May 31, 1994, at 1–2; R.R. at 11a–12a. The motion was denied on June 2, 1994, after the trial court concluded that Appellants failed to establish that a change of venue was necessary. Appellees' demurrer was sustained by the trial court in an opinion and order dated June 9, 1994, and Appellants appeal both orders.

Appellants present two arguments for our review; first, Appellants argue that the trial court erred when it refused to transfer the case to another venue, and second, that the trial court erred in sustaining the demurrer.

### CHANGE OF VENUE

Initially, Appellants argue that the trial court erroneously denied a change of venue. Appellants argue that the actionable conduct in the complaint is that Warman acted pursuant to the directive or suggestion of a trial court judge. We disagree that the complaint contains such an allegation. We note that the question of whether to grant a motion for change of venue is one within the sound discretion of the trial court which will not be disturbed on appeal absent an abuse of discretion. *Alter v. Pennsylvania Gas and Water Co.*, 110 Pa.Commonwealth Ct. 349, 532 A.2d 913, (1987), *petition for allowance of appeal denied*, 521 Pa. 623, 557 A.2d 726 (1989).

Plaintiff [sic]."

Appellants requested a change of venue and, sotto voce, suggested recusal, allegedly to avoid an appearance of impropriety. Pa. R.C.P. 1006(d)(2) states, "Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record, the court may order that the action be transferred."

As best we can decipher, Appellants assert that a fair and impartial trial cannot be held in Fayette County because there is an appearance of impropriety when a trial judge is assigned a controversy in which another judge from the same county is allegedly implicated. Appellants do not argue that the assigned judge is unable to hold a fair and impartial proceeding, but that an "appearance of impropriety" results. A note following Pa.R.C.P. No. 1006(d)(2) references Canon 3 C of the Code of Judicial Conduct and recusal. On review, we find nothing that directs recusal, or even suggests recusal just because a fellow county judge is allegedly implicated in a case, where the trial judge foresees no problem with impartiality.

■ We note that Pa.R.C.P. 1006(d)(2), relied upon by Appellants when they requested a hearing on their motion, requires that venue be changed upon *petition* and hearing thereon. Further Pa.R.C.P. No. 206 requires that every petition which contains an allegation of fact that does not appear of record must be verified. In the present case, Appellants filed a motion for change of venue which contained the assertion that a common pleas court judge was involved in the controversy. This allegation does not appear of record and was never verified.[2] Accordingly, we find nothing of record to justify a transfer or indicate an abuse of discretion occurred and Appellants' argument fails.

### DEMURRER

■ Next, we are asked to determine whether the Appellants' were discharged in violation of public policy. Our scope of review from an order sustaining preliminary objections in the nature of a demurrer is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Commonwealth Ct. 243, 246 n. 3, 629 A.2d 270, 271 n. 3 (1993). We must accept as true all well pled allegations and material facts averred in the complaint as well as

**2.** At the combined hearing on the preliminary objections and the motion for change of venue, the following colloquy took place:

THE COURT: This Court is not involved?
MR. PRIBANIC [counsel for Appellants]: Your Honor is not involved, certainly.
THE COURT: All right. As far as I'm concerned, we have had public officials come through before. We've never recused ourselves or changed the venue because of that.
MR. PRIBANIC: All right.
THE COURT: And I'm not personally involved, so I have no problem with that regard. As far as another member of this bench being involved, I don't believe there's any issues of fact that this Court must decide. It's simply applying the allegations of the complaint to law, is that not the situation?
MR. PRIBANIC: In respect to the preliminary objections, that's true, Your Honor. But I think the judicial code and our ethical code requires us to avoid the appearance of impropriety, and I would suggest that a decision made on preliminary objections in a county in which one of your colleagues on the bench is alleged to have been one of the instrumentalities for the offensive actions complained of in the complaint casts a certain appearance that I think in fairness the Court would want to avoid and I think so that there is no—if these preliminaries [sic] objections are sustained so that there is no concern that this is a matter of no matter how hard the Court might try, there may be some bias or prejudice in favor of your colleague at the bench in this county. That's the nature of the motion.
THE COURT: Mr. Webster [counsel for Appellees]?
MR. WEBSTER: Your Honor, there is a complaint before you at this point in time. There is no allegation in this complaint factually that avers that any member of the bench of Fayette County has directed Mr. Warman to do anything with respect to these plaintiffs. The allegations in this complaint are that Mr. Warman discharged them on July 1, 1991, and there's been letters addressed and served on each of these plaintiffs by Mr. Warman signed by him discharging these plaintiffs. There's no allegation in this complaint that charged any member of the bench with involvement in this particular scenario. So I would object to Mr. Pribanic's reference to something outside of what's before this Court being entertained by this Court to rule on this change of venue motion because there are no allegations in this complaint to support what he's saying.
Hearing Transcript, June 2, 1994, at 5–6; R.R. at 17a–18a.

inferences reasonably deducible therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

In their complaint, Appellants allege that their discharge was solely because of their political beliefs and association with [Warman's] predecessor in office.[3] Later in the complaint Appellants assert that their discharge violated the separation of powers between the Judicial and Executive branches of Government. The complaint fails to recite or specify any nexus or connection between Appellants' termination and a constitutional violation.[4]

This Court has previously held that the position of an assistant district attorney is legislatively created. *Birdseye v. Driscoll,* 111 Pa.Commonwealth Ct. 214, 534 A.2d 548 (1987). We have also noted that Section 1420 of the County Code (Code)[5], 16 P.S. § 1420, authorizes the district attorney to appoint assistant district attorneys. Further, Section 450(b) of the Code, 16 P.S. § 450(b), addresses the removal of assistant district attorneys. Section 450(b) states:

> Appointees to county offices or positions other than to elected office shall be subject to removal at the pleasure of the appointing power, except as otherwise provided by law, and they shall also be removed on conviction of misbehavior in office or of any infamous crime.

Plainly, the district attorney may remove an assistant at will, unless such removal is prohibited by law.

"It is a 'time honored principle that in passing on a demurrer a court cannot consider matters collateral to the pleading opposed but only such matters as arise out of the statement of claim or complaint itself....' " *Foster v. Argonaut Insurance Co.,* 150

Pa.Commonwealth Ct. 387, 390, 615 A.2d 971, 972 (1992), *aff'd sub nom., Maleski v. Argonaut Ins. Co.,* 533 Pa. 353, 625 A.2d 613 (1993) (citing *Detweiler v. Hatfield Borough School District,* 376 Pa. 555, 558, 104 A.2d 110, 113 (1954)). Because the complaint fails to specify a connection between Appellants' termination due to their association with Warman's predecessor and a constitutional violation of the separation of powers, we find that the trial court did not err in concluding that the complaint lacked sufficient substance to entitle Appellants to relief.

### ORDER

AND NOW, to wit, this 17th day of May, 1995, the orders of the Court of Common Pleas of Fayette County dated June 2, 1994, and June 9, 1994, at No. 1227 of 1993, G.D. are affirmed.

SMITH, J., dissents.

---

**3.** We note that Appellants allege their discharge was due to "partisan politics". Their complaint, however, concedes that both LePore and Warman are members of the Democratic Party. Appellants fail to raise any argument in their briefs to this Court concerning the sufficiency of their cause of action for unlawful discharge due to partisan politics where both the present and former District Attorney are members of the same political party. *See generally Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) (The continued employment of an assis-

tant public defender cannot properly be conditioned on his allegiance to the political party in control of the county government).

**4.** We note that Appellants have failed to exercise their right to amend their complaint. *See Holiday Lounge, Inc. v. Shaler Enterprises Corp.,* 441 Pa. 201, 272 A.2d 175 (1971). Appellants do not argue before this Court that such a failure is curable or indeed that such a right existed.

**5.** Act of August 9, 1955, P.L. 323, *as amended.*