681 A.2d 803

**MARTINDALE LUMBER COMPANY, A Partnership**

v.

**Larry C. TRUSCH and Bonnie J. Trusch, his Wife, Appellants.**

Superior Court of Pennsylvania.

Argued April 30, 1996.

Filed July 30, 1996.

Michael Sossong, Ebensburg, for appellants.

Bruce F. McKenrick, Ebensburg, for appellee.

Before POPOVICH, EAKIN and HESTER, JJ.

HESTER, Judge:

Larry C. and Bonnie J. Trusch appeal following a trial court's decision to hold them liable to appellee, Martindale Lumber Company, for breach of contract. The court awarded appellee $99,265.90 in damages plus prejudgment interest. We reverse.

Appellee instituted this action by filing a complaint wherein appellee pleaded specifically that the action was a "civil action—in equity for specific performance." Complaint at 1. Appellee alleged therein that it had an agreement with appellants whereby appellee had been granted the right to harvest trees on property owned by appellants and located in Portage Township, Cambria County. Appellants subsequently refused to permit appellee to harvest trees on the property. The only request for relief appearing in the complaint is as follows:

WHEREFORE, the Plaintiff needing equitable relief, prays that your Honorable Court may decree and direct as follows:

First: That the Defendants, Larry J. Trusch and Bonnie C. Trusch be enjoined and restrained temporarily until final hearing and perpetually thereafter from conveying, selling, encumbering, leasing, or transferring any interest in the premises and more particularly the legal rights of the Plaintiffs to said premise as described in Exhibit "A" herein.

Second: That such other and further relief be granted as your Honorable Court may deem proper together with costs and counsel fees so subjected by this suit.

Complaint at 3.

In response to appellee's complaint, appellants filed a counterclaim and alleged that they had rescinded the contract based on appellee's acts of fraud, intentional misrepresentation, negligent misrepresentation, and breach of a confidential relationship. Appellants then filed a motion for judgment on the pleadings asking that the action be dismissed since appellee had failed to state a cause of action upon which relief could be granted in equity and therefore that the equity side of the court did not have jurisdiction over the matter. The motion

was denied, but appellee did not amend its complaint to request monetary damages for breach of contract. Furthermore, appellee never proceeded with requested injunctive relief.

The case proceeded, in equity, to a nonjury trial in November, 1994. The equity court determined that appellants were liable under the contract, but the court also concluded that appellee was not permitted the remedy of specific performance based on the Uniform Commercial Code, 13 Pa.C.S. §§ 1101, *et seq.* After a review of the complaint, however, the trial court concluded that appellee had set forth sufficient allegations of breach of contract and a sufficient request for monetary damages to allow the court to bifurcate the damages portion of the trial so that evidence could be taken as to monetary damages.[1] It therefore held a second trial as to damages approximately six months later. At that trial, appellee presented evidence as to the fair market value of the timber on the land. The trial court subsequently entered a damages award which represented the fair market value of the timber appellee would have harvested had the agreement been fulfilled, less the amount it agreed to pay for the timber.

The trial court relied upon the following facts in rendering its decision. In July, 1989, Larry Trusch contacted appellee to propose a joint venture for the purchase of the real estate in question. The real estate was auctioned on August 5, 1989, and prior to the action, the parties met to discuss the terms of the joint venture. Don McCabe, a partner in appellee, agreed that he would contribute one-half of the purchase price of the land, to a maximum of $45,000. Mr. Trusch was to contribute the other one-half of the purchase price. Appellee was to harvest the timber on the property, and after that timbering was complete, Mr. Trusch and his wife would be the sole owners of the property.

Mr. McCabe was the successful bidder on the real estate for the amount of $90,000. Mr. McCabe then assigned his right

---

1. In the opinions issued in this case, the equity court indicates a number of times that it certified this case from the equity side to the law side. However, certification never occurred.

to the property to appellants. In exchange, the parties entered a written contract on August 24, 1989, whereby appellants granted to appellee the right to harvest timber above a certain size on the land for six years.

However, the seller of the property at the auction, the Estate of John H. Benko, did not have clear title to the real estate. Appellants had to institute legal proceedings, which eventually were successful, to procure title to the real estate. During the course of that litigation, they learned that the value of the timber was far in excess of $45,000, the amount Mr. McCabe had told Mr. Trusch it was worth.

Thus, in October, 1992, appellants indicated that they intended to repudiate the contract and tendered a check to appellee in the amount of $9,000, the down-payment appellee had made on the property when Mr. McCabe successfully bid on it at the auction. Appellee instituted this action on March 10, 1993.

After the equity court determined that the contract was breached by appellants, it noted that the relief requested by appellee in its complaint, specific performance of the contract and an injunction permitting it to harvest the timber, could not be granted.

Under Pennsylvania law, timber is considered goods. 13 Pa.C.S. § 9105. Under the U.C.C., specific performance will be granted for a sale of goods only where the goods are unique or where other circumstances exist warranting a grant of specific performance. 13 Pa.C.S. § 2716. The equity court indicated that there was no evidence presented at trial to support a finding that the timber on the real estate was unique or that other circumstances existed to justify the remedy of specific performance.

Then, the equity court determined that an award of legal damages for breach of contract was the only proper remedy. It elected to determine the difference between the market price of the timber on the date appellee learned of the breach and the contract price of $45,000. The court scheduled a "special evidentiary hearing to determine the exact date [ap-

pellee] learned of the breach and the fair market value of the timber on that date." Trial court opinion, 1/9/95, at 5. The trial court did not certify the action to the law side of the court, thereby affording appellants the benefit of a jury trial, but instead entered the following order:

## ORDER

AND NOW, this 9th day of January, 1995, it is hereby ORDERED and DECREED that JUDGMENT be entered in favor of the plaintiff on the breach of contract claim and on the defendants' counterclaim.

It is further ORDERED and DECREED that an evidentiary hearing be held to determine plaintiff's damages. The sole issues before the court at the hearing will be the date plaintiff learned of the breach by defendants and to determine the value of the timber on that date.

As noted above in footnote one, this order does not certify the action to the law side; it bifurcates the liability and damages phases of the action. We also observe that appellants were denied their right to a jury trial both as to the damages phase of the action and as to the liability phase since the case proceeded initially as an equity action for specific performance and injunctive relief.

■ We believe that the Court's decision in *Holiday Lounge, Inc. v. Shaler Enterprises Corp.*, 441 Pa. 201, 272 A.2d 175 (1971), is dispositive. Therein, as in this case, in its complaint, plaintiff requested only injunctive relief and that type of equitable relief was not available. Our Supreme Court held that the equity court did not err in failing to certify the action to the legal side of the court since the complaint did not contain a prayer for relief in law. The court concluded that certification was not required because the plaintiff requested only equitable relief in its complaint. The court ruled that since no demand for monetary damages was made in the complaint, there was no remedy at law which would satisfy

plaintiff's claim.[2] Therefore, the complaint could not be certified to the law side.

█ Appellee alleges that the trial court properly determined that the general plea in its complaint for "such other and further relief ... as your Honorable Court may deem proper" was sufficient to plead monetary damages. We disagree. Pa.R.Civ.P. 1021(a) requires that a pleading demanding relief "shall specify the relief" requested. Herein, the only type of relief requested was equitable relief. Nothing in the complaint can be construed as a request for monetary damages, and the equity court improperly awarded them. *Holt's Cigar Co. v. 222 Liberty Associates*, 404 Pa.Super. 578, 591 A.2d 743 (1991) (where the only allegation in the complaint was a request for monetary damages pursuant to a liquidated damages clause, equity court did not have jurisdiction to award damages clause, equity court did not have jurisdiction to award damages based on lost profits, which was not pled in complaint); *see also Christian v. Johnstown Police Pension Fund Ass'n*, 421 Pa. 240, 218 A.2d 746 (1966).

Appellee relies upon language in *Puleo v. Thomas*, 425 Pa.Super. 285, 624 A.2d 1075 (1993), whereby we noted that a court in equity has jurisdiction to award damages in addition to providing for equitable relief. Of course, in that case, as in the others upon which appellee relies, equity jurisdiction properly was invoked and the action called for equitable relief *in addition* to legal relief. *See Holt's Cigar Co. v. 222 Liberty Associates, supra* (where plaintiff properly invoked equity jurisdiction initially in a request for injunctive relief, equity court had power to enter monetary award because complaint contained a specific request for monetary award under liquidated damages clause in addition to equitable relief).

Herein, appellee had a cause of action for breach of contract and for monetary damages. Nothing in the facts of this case

**2.** Under the reasoning of this case, it is clear that appellants were not required to object under Pa.R.Civ.P. 1509(c) that appellee had an adequate remedy at law. Since appellee made no request for monetary damages, there was not a remedy at law available to it.

warrants the grant of any type of equitable relief. Appellee improperly invoked equitable jurisdiction from the inception. It was notified of this by way of appellants' motion for judgment on the pleadings. The equity court was without power to proceed once it determined that equitable jurisdiction improperly was invoked.

■ We also reject appellee's position that appellants waived this issue. Appellants raised the fact that there was no equity jurisdiction by means of a motion for judgment on the pleadings. Appellee should have been aware at that point that equity did not have jurisdiction over this matter which involves purely a legal action for monetary damages. Appellee should have amended its complaint at that point[3] and requested that the matter be certified to the law side of the court. Instead, it elected to proceed solely in equity. Appellants were correct in that motion for judgment on the pleadings. Appellee improperly attempted to invoke equity jurisdiction.

Order reversed. Judgment in favor of Martindale Lumber Company vacated. Jurisdiction relinquished.

---

3. The trial court indicates that amendment was unnecessary since it would have granted amendment to plead monetary damages at any time. However, a court does not have the power sua sponte to raise and decide issues. Herein, appellee never asked to amend its complaint; it remains un-amended to date. The court did not have the power sua sponte to raise and decide this case on the basis of something the litigant never asked the court to do. *Department of Transportation v. Boros,* 533 Pa. 214, 620 A.2d 1139 (1993).