IN RE SUBDIVISION OF MARIE CROWLEY LANDS; William Crowley, Jr.; and Richard Crowley, et al. in Eldred Township.

**Eldred Township Supervisors, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 17, 1999.
Decided July 27, 1999.

James P. Miller, Smethport, for appellant.

Douglas J. Garber, Bradford, for appellees.

Before McGINLEY, J., KELLEY, J. and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Eldred Township Board of Supervisors (Board) appeals from the November 3, 1998, order of the Court of Common Pleas of McKean County (trial court), which directed the Board to accept and sign the Department of Environmental Protection (formerly the Department of Environmental Resources) (Department) Form B Non–Building Waiver (waiver or Form B waiver) on behalf of the subdivision of Marie Crowley Lands, William Crowley, Jr. and Richard Crowley, et al. (Crowleys). We affirm.

On February 4, 1998, after a hearing before the Board, the parties signed a stipulation of facts setting forth the following. The waiver would allow the Crowleys to waive full-scale sewage planning for the subdivision Marie Crowley desired to create in order to convey the property to her sons. The Crowleys stipulated that they do not intend to develop the property but to maintain it as the family farm and timberland. The property in question is a twenty-one acre parcel solely owned by Marie Crowley. She wanted to subdivide her property and transfer title to her children, William and Richard. As part of the waiver, the Crowleys noted on the deeds of the subdivision that the parcels are not approved for septic systems and approval of sewage treatment must be obtained before the property could be developed.

The parties stipulated that in April 1996 the Crowleys presented a subdivision plan to the McKean County Planning Commission (Commission) for approval under the McKean County Subdivision and Land Development Ordinance. The Commission notified the Board of the proposed subdivision and informed the Board that, before the subdivision could be approved, a completed Department planning module or a completed Department Form B waiver needed to be completed by the Crowleys for each of the new lots.

In May 1996, the Crowleys forwarded the completed waiver to the Eldred Township sewage enforcement officer, Roger Bickleman (Bickleman). Bickleman refused to accept the waiver in lieu of on-lot sewer testing (commonly known as perc testing) and would not certify that the subdivision had the appropriate sewage planning. As a result, the Commission notified the Crowleys that their subdivision was rejected and they could not record the deeds transferring the property because the waiver was unacceptable to the Board. The stipulated facts also note the waiver could require the Township to accept full responsibility to identify any violation of the non-building lot criteria and to submit to the Department a completed Sewage Facilities Planning Module for the entire subdivision should a violation occur. Such planning information may require municipal officials to be responsible for soil testing and other environmental assessments for all the lots in the subdivision.

The trial court heard the Crowleys' action in mandamus on these stipulated facts.[1] The trial court determined that

---

1. Although the trial court noted this case came before it as an action in mandamus on a petition for review pursuant to Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, it was essentially an action in mandamus.

mandamus should be used only when the issue is free from doubt, was arbitrarily or fraudulently exercised, or was based on a mistaken view of the law. The trial court found the waiver was created by the Department to release certain non-building subdivisions from the planning requirements of the Pennsylvania Sewage Facilities Act (Act).[2] The trial court decided the Crowleys' proposed subdivision met the requirements permitting their land to be considered for the waiver and held that the Board's decision not to sign the waiver was an abuse of discretion based on a mistaken interpretation of the law which could be remedied by mandamus.

The trial court further determined that, by signing the waiver, the Board did not assume additional obligations. Rather, the trial court decided that the waiver reiterated the previously existing responsibility and duty of the Board to ensure all development within the municipality conforms to the requirements of the Act.

█ The Board appeals and raises three issues.[3] First, the Board asserts the Crowley appeal should have been made to the McKean County Planning Commission under the McKean County Subdivision and Land Development Ordinance. Next, the Board questions whether it can be compelled by a mandamus action to sign the waiver and whether, in not signing, they committed legal error and abused its discretion. Finally, the Board again argues that the waiver imposes additional liabilities and obligations on it for soil testing and other environmental assessments for all lots in the subdivision. These issues are addressed, in turn, below.

█ Since the Commission rejected the Crowleys' proposed subdivision, the Board first argues the Crowleys' appeal should have been to the Commission and then to

the trial court. Because the Crowleys never submitted sewage facility planning modules, but only requested that the Board sign the waiver, the Board insists it did not and could not make a decision regarding the approval or disapproval of the subdivision. Rather, the Board asserts its refusal to sign the waiver had the effect of the Commission rejecting the subdivision proposal because there were no sewage facility planning modules and no waiver. The Board makes the argument that the Crowleys should have requested a hearing before the Commission to appeal the Commission's rejection of the subdivision proposal because the subdivision created lots that required sewage planning. The Board contends it was the McKean County Subdivision and Land Development Ordinance that required the Crowleys to submit sewage planning for the subdivision and, thus, the Commission should have heard the matter.

The Board is wrong for three reasons. First, the Act makes clear it is the Board, on behalf of the township, that is the only local agency authorized to perform sewage planning and enforcement in the township. Sections 2 and 8 of the Act, 35 P.S. § 750.2, § 750.8. Second, the Board's refusal to sign the waiver is the only reason the Commission could not approve the subdivision. The Crowleys could not appeal that refusal to the Commission, as the Commission had no control over the sewage enforcement officer or over the Board. As the parties stipulated, had the Board signed the waiver, the Commission would have approved the subdivision. Because it is the Board's responsibility to provide sewage planning, it would have been futile for the Crowleys to appeal to the Commission, as the Commission does not deal with sewage planning. Third, the law directs that any appeal was to be before the Board

---

**2.** Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §§ 750.1–750.20a.

**3.** This Court's scope of review of a decision to grant relief in a mandamus action is limited to a determination of whether the trial court

abused its discretion or committed error in applying the law. *Germantown Business Association v. City of Philadelphia*, 111 Pa. Cmwlth. 503, 534 A.2d 553 (1987).

not before the Commission. Section 16 of the Act, 35 P.S. § 750.16.

■ Next, the Board asserts mandamus cannot lie to compel them to sign the Form B waiver because there is no *requirement* or authority under the Act or its regulations compelling the Board to use the waiver. For mandamus to be appropriate, the Board argues the signing of the Form B waiver must be a purely ministerial function.

We disagree. The waiver merely recognizes that the definition of a lot in the Act does not include lots not intended for building at the time of the subdivision or in the future. Here, the parties stipulated that the Crowleys do not intend to build on the subdivided property and that, if future development should occur, sewage planning approval would be necessary. The Crowleys have the right to proceed without full-scale sewage planning using the Form B waiver, but because the Board refused to utilize the waiver, the Crowleys were unable to proceed. Since Department approval of the Form B waiver is necessary for the Crowleys to proceed without full-scale sewage planning, and the Board refused to execute the waiver for no legally sufficient reason, the equitable action of mandamus is the appropriate remedy. *Keith v. Board of Probation and Parole,* 76 Pa.Cmwlth. 544, 464 A.2d 659 (1983); *Martindale Lumber Co. v. Trusch,* 452 Pa.Super. 250, 681 A.2d 803 (1996), *petition for allowance of appeal denied,* 546 Pa. 682, 686 A.2d 1312 (1996).

■ Finally, the Board repeats the claim that the waiver imposes additional liabilities and obligations on them for soil testing and other environmental assessments for all lots in the subdivision. The Board contends the trial court misinterpreted the language from the Form B waiver.[4] The Board suggests that by signing the Form B waiver it agreed to submit the sewage facility planning modules, which are normally submitted by a developer. This is incorrect.

The trial court determined the Board already had the duty to enforce the Act and the waiver did not impose additional obligations and liabilities. The Form B waiver language only requires the Board to submit a completed sewage planning module for a subdivision in the event of a violation of the non-building lot criteria. The Act requires the developer to prepare the sewage modules. Section 7 of the Act, 35 P.S. § 750.7. The Form B waiver states the obvious: in the event of a violation, it is the Board's duty to submit a plan to the Department. To do so, the Board may have to perform duties normally performed by the developer. In fact, the Act empowers the local agency to assess the developer for the costs of correcting a violation and allows the local agency to place a lien on the property. Section 13a(a) of the Act, 35 P.S. § 750.13a(a).

For the reasons stated above, we affirm the order of the trial court.

### ORDER

AND NOW, July 27, 1999, the order of the Court of Common Pleas of McKean County, dated November 3, 1998, is affirmed.

---

4. The Eldred supervisors point to the language in Part C of the Form B waiver that states that municipal officials by signing the waiver:

> [a]ccept full responsibility now and in the future to identify any violation of the non-building lot criteria described and to submit to DER a completed Sewer Facilities Planning Module for the entire subdivision should a violation occur. We [the municipal officials] understand that such planning may require municipal officials to be responsible for soil testing and other environmental assessments for all lots in the subdivision.

Stipulation of Facts, no. 10. Reproduced Record at pp. 34a–39a.